IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLARA NDUPU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:08-CV-0381-BH |
| | § | |
| METHODIST HEALTH SYSTEM, | § | |
| | § | |
| Defendant. | § | Pretrial Management |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's *Standing Order of Reference*, filed July 16, 2008, this case was referred to this Court for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. Before the Court are the following:

(1) Defendant *Methodist Health System's Response to Order to Show Cause*, filed March 26, 2008 ("Def. Resp.");

(2) Plaintiff *Clara Ndupu's Response to Order on Defendant to Show Cause*, filed April 3, 2008, ("Pl. Resp.") and

(3) Defendant *Methodist Health System's Reply to Plaintiff's Response to Order on Defendant to Show Cause*, filed April 17, 2008 ("Def. Repl.").

Having reviewed the pertinent filings above and the law applicable to the issues raised, the court recommends that the District Court find that Defendant Methodist Health System ("Defendant") has shown cause why this case should not be remanded to state court.

**I. BACKGROUND**

This action stems from the termination of Plaintiff Clara Ndupu ("Plaintiff") from her

employment by the Defendant on June 23, 2004.  (*See Notice of Removal* filed Mar. 4, 2008 ("*Notice*") at Exh. 2.)  Plaintiff originally filed suit in state court on May 19, 2006, alleging causes of action for breach of contract, promissory estoppel, quantum meruit, infliction of emotional distress, and business disparagement.  *Id.*  On February 7, 2008, Plaintiff filed her *First Amended Original Petition* to add claims for defamation and wrongful termination on the basis of race and national origin in violation of Tex. Lab. Code section 21.051and Title VII of the Civil Rights Act of 1964 ("Title VII").  (*See Notice* at Exh. 8, ¶¶ 34-36.)  Based on the addition of a Title VII claim, Defendant removed the case to federal court on March 4, 2008.  (*See Notice* at 1-2.)  Four days later, on March 8, 2008, the Plaintiff filed a *Second Amended Original Petition* in state court that deleted the Title VII claim.  (*See* Exh. A to Pl. Resp.)

Pursuant to the District Court's *Order* dated March 14, 2008, Defendant was ordered to show cause why the case should not be remanded to state court for lack of a federal claim.  The matter has now been fully briefed and is ripe for disposition.

## II. ANALYSIS

**A.** <u>**Propriety of Removal**</u>

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331 (2008).  Any civil action over which the district courts of the United States have original jurisdiction that has been brought in a state court may be removed by a defendant to federal court, except as otherwise expressly provided by Congress.  28 U.S.C. §1441(a) (2008).

Title VII, 42 U.S.C. §2000e-2(a)(1) (2008), provides a federal cause of action for individuals who have been discharged on the basis of their race, color, religion, sex, or national origin.

Therefore, a plaintiff who pleads a cause of action involving discharge on the basis of race, color, religion, sex, or national origin may have his or her case removed to federal court. *Davis v. Dept. of Health & Hospitals*, 195 Fed. Appx. 203, 204-05 (5th Cir. 2006) (holding that a claim which included both a federal discrimination claim under 42 U.S.C. §2000e-2(a)(1) and a state law discrimination claim could be removed to federal court).

To remove a case from a state court to a federal court on the basis of federal question jurisdiction, the removing party must present the "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The "initial pleading" has been defined as "a pleading from which it may first be ascertained that the case is one which is or has become removable." *Value Recovery Group, Inc. v. Hourani*, 115 F.Supp.2d 761, 765 (S.D. Tex. 2000). A pleading which has been amended to include a violation of a federal statute may be used to properly remove a case from a state court to a federal court. *Blanks v. Lockheed Martin Corp.*, 2006 WL 1139941, at *3 (S.D. Miss. 2006).

In the case at bar, the Defendant correctly submitted and indicated the *First Amended Original Petition* as the complaint which must be used to determine jurisdiction. (*See Notice* at Exh. 8; Def. Resp. at 2.) Although the Plaintiff's *Original Petition* did not include a federal question, the *First Amended Original Petition* includes a claim invoking Title VII, which raises a federal question. (*See Notice* at Exh. 8, ¶¶ 34-36.) Because the *First Amended Original Petition* includes a federal question, removal under federal question jurisdiction was proper.

**B.** **Effect of Deletion of Federal Claim**

In her response, the Plaintiff argues that the Defendant was attempting to mislead the court by referring to the *First Amended Original Petition* in its response because she filed a second

amended complaint in state court deleting her federal claim after the case was removed. (Pl. Resp. at 1, ¶6.)

In the Fifth Circuit, a claim must be evaluated as it exists at the time of removal, and not subject to any subsequent amendments, when determining the existence of subject matter jurisdiction. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002)*; Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995) ("a complaint amended post-removal cannot divest a federal court of jurisdiction"); *In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980), *cert. denied sub nom. Sheet Metal Workers v. Carter*, 450 U.S. 949 (1981) ("It is a fundamental principle of law that whether subject matter jurisdiction exists (over a removed case) is a question answered by looking to the complaint as it existed at the time the petition for removal was filed."). Additionally, the Fifth Circuit has explained that the court will enforce a "no returns" policy, meaning that Plaintiff cannot bring a federal suit and then, after amendment, "demand that she be allowed to exchange it for a state one." *Coleman v. Louisville Pants Corp.*, 691 F.2d 762, 765 (5th Cir. 1982). Essentially, a court may not use amendments subsequent to removal to evaluate jurisdiction.

In this case, the *First Amended Original Petition* was the latest of the Plaintiff's petitions in state court prior to removal and represented the Plaintiff's claims as they existed at the time of removal. It is therefore the proper complaint to evaluate when determining jurisdiction. *See Hourani*, 115 F.Supp.2d at 765; *Blanks*, 2006 WL 1139941 at *3. Plaintiff's subsequent state court filing has no effect on federal question jurisdiction, and remand is not appropriate on this basis.

### III. RECOMMENDATION

For the reasons stated above, the Court **RECOMMENDS** that the District find that

Defendant has shown good cause why this case should not be remanded to state court.

**SO RECOMMENDED** on this 11th day of August, 2008.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE