**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| CLARA NDUPU, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Civil Action No. 3:08-CV-381-M (BH)** |
| | § | |
| METHODIST HEALTH SYSTEM, | § | |
| | § | |
| **Defendant.** | § | **Pretrial Management** |

<u>**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**</u>

Pursuant to the District Court's *Standing Order of Reference*, filed July 16, 2008, this case was referred to this Court for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. Before the Court is *Defendant Methodist Health System's Motion for Summary Judgment* (docket #21), filed February 26, 2009. Based on the pertinent filings and applicable law, the Court finds that Defendant's *Motion for Summary Judgment* should be **GRANTED**.

## I. BACKGROUND

On or about June 17, 2002, Plaintiff Clara Ndupu ("Plaintiff") began work as a registered nurse at Defendant Methodist Health System ("Defendant"). (*Notice of Removal*, docket #1, Ex. 8, at ¶7 ); Mot. App. at 6). Plaintiff alleges that certain of Defendant's employees referred to her as "unintelligible," "dumb," and "different" because she is originally from Nigeria. (*Id*. at ¶8). She alleges that this constant harassment created a hostile work environment and that her supervisors "intentionally and constructively" encouraged such behavior. (*Id*. at ¶¶8-9). She further alleges that on June 23, 2004, Defendant terminated her employment based upon a false allegation by a

- 1 -

colleague that was never investigated.  (*Id*. at ¶10).

Plaintiff originally filed suit in state court on May 19, 2006, alleging causes of action under Texas law for breach of contract, quantum meruit, promissory estoppel, infliction of emotional distress, and business disparagement.  (*See* docket #1, Ex. 2).  On February 7, 2008, Plaintiff filed her *First Amended Original Petition* to add claims for defamation and wrongful termination on the basis of race and national origin in violation of section 21.051 of the Texas Labor Code and Title VII of the Civil Rights Act of 1964 ("Title VII").  (*See id*. at Ex. 8, ¶¶ 34-36).  At a hearing on February 15, 2008, the state court dismissed Plaintiff's claims of breach of contract, quantum meruit, promissory estoppel, and infliction of emotional distress.  (Docket #1, Ex. 9).  Subsequent to the state court hearing, Defendant removed the case to federal court on March 4, 2008, based on the addition of the Title VII claim.  (*See id*. at 1-2).

Plaintiff's Title VII claim and her state law claims of business disparagement, defamation, and wrongful termination remain before the Court.[1]  On February 26, 2009, Defendant filed a motion for summary judgment on all of Plaintiff's claims.  Plaintiff did not file a response.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "[T]he substantive law will identify which facts are material."

---

[1]  On October 20, 2008, Plaintiff filed an amended complaint that deleted the Title VII claim.  (Docket #19).  Pursuant to the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course before being served with a responsive pleading.  Fed. R. Civ. P. 15(a).  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  Fed. R. Civ. P. 15(b).  Since Plaintiff previously amended her pleading (*see* docket #1, Ex. 8), she was required to obtain Defendant's consent or leave of the Court.  Plaintiff did not seek leave to amend nor did she obtain Defendant's consent to amend.  Additionally, as this Court previously found, Plaintiff "cannot bring a federal suit and then, after amendment, 'demand that she be allowed to exchange it for a state one.'"  *Ndupu v. Methodist Health Sys.*, 2008 WL 4211124, at *2 (N.D. Tex. Sept. 10, 2008) (Ramirez, Mag.) (citing *Coleman v. Louisville Pants Corp.*, 691 F.2d 762, 765 (5th Cir. 1982)).

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, must demonstrate that no genuine issue of material fact exists.  Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324.  To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor.  *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).  Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial.  *Celotex*, 477 U.S. at 322-23.

Where, as here, the nonmovant fails to respond to the motion for summary judgment, such failure does not allow the court to enter a default summary judgment. *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277 (5th Cir. 1985) (citing *John v. La. (Bd. of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985)).  However, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence."  *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).  In addition,  the movant's evidence may be accepted as undisputed.  *Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003) (citing *Eversly v. Mbank*, 843 F.2d 172, 174 (5th Cir. 1988); *Bookman*, 945 F. Supp. at 1002).

### III.  TITLE VII CLAIM

Title VII of the Civil Rights Act prohibits discrimination against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2.  Before an individual can pursue a Title VII claim in federal court, he must first exhaust his available administrative remedies.  *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002).  Title VII requires that a complainant must first file a charge with the Equal Employment Opportunity Commission (EEOC) within 300 days after the alleged unlawful employment practice occurred.  42 U.S.C. § 2000e-5(e)(1).  The timely filing of a charge with the EEOC is a prerequisite to maintaining a Title VII action.  *See United Air Lines, Inc. v. Evans*, 431 U.S. 553, 555 n. 4 (1977); *Price v. Choctaw Glove & Safety Co., Inc.*, 459 F.3d 595, 598 (5th Cir. 2006).  If the EEOC dismisses a claim, it then issues a right-to-sue letter.  42 U.S.C. §2000e-5(f)(1).  Once the EEOC has issued a right-to-sue letter, the

- 4 -

complainant has 90 days in which to file a Title VII action in federal court. *Id.* Receipt of the right-to-sue letter is a condition precedent, not a jurisdictional prerequisite, to bringing a Title VII action in federal court. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982); *Pinkard v. Pullman-Standard, a Div. of Pullman, Inc.*, 678 F.2d 1211, 1216 (5th Cir. 1982).

In this case, Defendant contends that Plaintiff failed to exhaust the mandatory prerequisites to a Title VII suit. (Mot. Br. at 3-4). Specifically, Defendant points to an absence of evidence that she received a right-to-sue letter from the EEOC or that she filed suit within 90 days of receiving such notice. (Mot. Br. at 4). Based on the absence of a right-to-sue letter, the Court finds that Defendant has met its initial burden to show there is no genuine issue of material fact that Plaintiff failed to exhaust the mandatory prerequisites to a Title VII suit. *Celotex*, 477 U.S. at 323; *see Keeley v. Cisco Sys.*, 2003 WL 21919771, *3 (N.D. Tex. Aug. 8, 2003) (Fitzwater, J.) (a defendant can meet its summary judgment obligation by pointing the court to the absence of evidence to support a required element of a plaintiff's case).

The burden now shifts to Plaintiff to direct the Court's attention to evidence in the record sufficient to establish a genuine issue of material fact that she received a right-to-sue letter from the EEOC. *Celotex*, 477 U.S. at 324. Plaintiff did not respond to the instant motion for summary judgment, and her pleadings do not contain any right-to-sue letter. (*See* docket #1). The Court finds that she failed to meet her summary judgment burden to show satisfaction of the conditions precedent to filing a Title VII action. *Pinkard*, 678 F.2d at 1216. Accordingly, no genuine issue of material fact remains that Plaintiff failed to exhaust her mandatory prerequisites to suit, and summary judgment should be **GRANTED** in favor of Defendant on Plaintiff's Title VII claim. *Celotex*, 477 U.S. at 322-23.

- 5 -

## IV.  STATE LAW CLAIMS

Plaintiff also raises claims under Texas state law for business disparagement, defamation, and wrongful termination on the basis of race and national origin.  (Petition at 6-8).  The Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a).  Because summary judgment is recommended on the federal claim over which it has original jurisdiction, the Court must decide whether to retain jurisdiction over the remaining state law claims.  *Id*. at § 1367(c)(3).

Supplemental jurisdiction over state law claims is a "doctrine of discretion, not of plaintiff's right."  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).  Consequently, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims."  *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988).  When the federal claims are dismissed before trial and only state law claims remain, the balance of factors to be considered under the supplemental jurisdiction doctrine weigh heavily in favor of declining jurisdiction; therefore, the federal court should usually decline the exercise of jurisdiction over the remaining claims and send them to state court.  *See id*.  According to the Fifth Circuit, "[o]ur general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed."  *Parker & Parsley Petroleum Company v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir.1992) (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)).

Since the Court recommends summary judgment and dismissal of Plaintiff's Title VII claim, Plaintiff's pendent state law claims of business disparagement, defamation, and wrongful termination should be **DISMISSED** without prejudice.

## V.  CONCLUSION

For the reasons stated above, the Court recommends that Defendant's *Motion for Summary Judgment* (docket #21) be **GRANTED**.  Plaintiff's claims arising under Title VII claim should be **DISMISSED** with prejudice.  Plaintiff's state law claims of business disparagement, defamation, and wrongful termination should be **DISMISSED** without prejudice.

**SO RECOMMENDED** on this 27th day of March, 2009.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985*); Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE